13m464
96 510

ORD. PET.

Case 29.

January 8.

## Fible vs. Caplinger.

### ERROR TO OLDHAM CIRCUIT.

Chief Justice HISE delivered the opinion of the court.

1. Contracts to marry, like all other contracts which are to be per-
formed by the concurrent acts of the parties, cannot be carried
out but by the mutual good faith of the contracting parties; and
neither party can be said to be in default, unless the other party
is willing and ready to perform at the time and place agreed up-
on, if any has been fixed. If no time and place have been agreed
upon, there is no default until an offer is made to fix time and
place and to consummate the agreement to marry.

2. Where no time and place are agreed upon for the consummation of
a marriage contract, no action can be maintained by either party
for a failure to perform, unless the plaintiff show an offer to per-
form, and a failure of the defendant to comply.

3. Where the plaintiff fails to set forth a good cause of action in his
petition, and the fault is not cured by the answer, a verdict for
the plaintiff cannot stand; but a new trial should be ordered.

4. When the petition, in ordinary proceeding, sets forth no cause of
action, and the defect is not cured by the answer, advantage may
be taken of the error by motion in arrest of judgment or writ of
error. (*Code of Practice*, § 146–7–8–9.)

1. Contracts
to marry, like
all other con-
tracts which are
to be perform-
ed by the con-
current acts of
the parties, can-
not be carried
out but by the
mutual good
faith of the con-
tracting par-
ties; and neith-
er party can be
said to be in de-
fault, unless the
other party is
willing and
ready to per-
form at the time
and place a-
greed upon, if
any has been
fixed. If no
time and place
have been a-
greed upon,
there is no de-
fault, until an

The declaration in this case is upon an agreement
to marry, which like all other agreements, where the
undertakings of the parties to it are to be performed
at the same time, and where the obligation and duty
of either to perform his or her undertaking necessa-
rily depends upon the concurrent performance of the
other, cannot of course be carried out except by the
mutual consent, good faith, and cotemporaneous ac-
tion of both the contracting parties; hence neither
party can be said to be in default or guilty of a breach
of such agreement to marry the other, unless the
other is willing and ready to be married, at the time
and place agreed upon for the actual consummation
of the marriage; or, if no time and place were, by
consent of the parties, fixed for the performance of
the contract, neither party can be in default, nor has
either violated their pledged faith or broken their
agreement until the other has proposed and made the
offer to fix the time and place and to fulfil the en-
gagement. Where no time and place are, by the

agreement, fixed for the marriage to be solemnized, such agreements come under the rule which govern contracts to be performed upon special demand; where one party covenants to perform certain things which in their nature cannot be done unless the other party shall first do certain other things by which alone the performance is rendered practicable; as if one undertake to erect and construct an edifice for another within a given time, with the materials to be furnished by the latter, the undertaker commits no breach of such agreement unless the other party shall first furnish the materials.

In this case the plaintiff has not attempted to charge the defendant upon a contract of marriage to be performed on any given day or at any designated place, and unless actually requested by plaintiff to perform his engagement, and unless the plaintiff was not only ready and willing but offered to perform the contract on her part, and unless upon such offer the defendant failed or refused to comply, he has not committed a breach of his engagement, and is not responsible in this action. For if time and place be not fixed, both parties may be ready and willing to marry, but neither may or can be married to the other until one notify the other when and where the marriage may take place, and propose and offer to be married at such time and place. The plaintiff in this case has not averred in her petition that she ever offered to perform the engagement at all, or proposed to defendant to fix time and place and carry out and execute the contract; and although she avers that she was ready and willing to marry the defendant, yet he, the defendant, may have been also ready and willing to marry her, and might have done so if she had informed him of such readiness and willinghess, and offered to perform the contract on her part. The petition, therefore, does not contain a good cause of action, and the defendant's demurrer should have been sustained.

---

*Margin notes:*

FIBLE
vs.
CAPLINGER.

offer is made to fix time and place and to consummate the agreement to marry.

2. Where no time and place are agreed upon for the consummation of a marriage contract, no action can be maintained by either party for a failure to perform, unless the plaintiff show an offer to perform, and a failure of the defendant to comply.

FIBLE
*vs.*
CAPLINGER.

3. Where the plaintiff fails to set forth a good cause of action in his petition, and the fault is not cured by the answer, a verdict for the plaintiff cannot stand; but a new trial should Be ordered.

The failure of the plaintiff's petition to present a good cause of action is not cured by the verdict of the jury, because such failure in the petition was not supplied by the answer of defendant, which relies upon, as matter of defense, the alleged fact that the plaintiff was an infant, and that her father and natural guardian had refused his consent to the marriage; and secondly, that by mutual consent the marriage contract was rescinded. This answer admits only that there had been a marriage engagement between the parties; but it does not, either in form or in substance, expressly or by implication, admit that the plaintiff herself had ever offered to perform it, or that upon such offer he had refused. On the contrary the answer negatives any such idea; for if the contract was cancelled or dissolved by consent, plaintiff could not offer to perform an agreement which no longer existed, nor could defendant have refused the plaintiff's offer to perform an engagement which had been voluntarily abandoned by agreement of the parties. There was nothing, therefore, in the answer to cure the defect in the petition; nor in fact was there any evidence whatever in the cause showing the offer by the plaintiff, or refusal by the defendant, to perform the engagement.

4. When the petition, in ordinary proceeding, sets forth no cause of action, and the defect is not cured by the answer, advantage may be taken of the error by motion in arrest of judgment or writ of error. (*Code of Practice,* §146-7-8-9.)

If a petition be so defective that it does not, in fact, show a cause of action, or state facts enough to warrant a recovery, such defect is not cured after verdict by any of the provisions of our statutes of jeofails; where the other pleadings do not, in fact, cure the defect, and where the verdict does not settle upon the proof of the fact omitted or defectively stated; and such defect, under the Code of Practice, may be taken advantage of by demurrer or by answer; and although the objection be not taken by demurrer or by answer, yet it is not waived, and may be taken advantage of by motion for an arrest of the judgment, or by writ of error. (*See Code of Practice, page* 31, *and* § 146, § 147, § 148, *and* § 149.)

Wherefore the judgment is reversed, and cause re-
manded, with direction that the defendant's demurrer
to plaintiff's petition be sustained, and for further
proceedings conformable to this opinion.

Reed and Gazlay, for plaintiff; Harlan and Rodman,
for defendant.